UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC., ET AL.,

    Plaintiffs,

v.                                  Case No.  8:12-cv-1948-T-24 TGW

COWBOY'S STEAK HOUSE AND
SALOON, LLC d/b/a Cowboy's Steakhouse
& Saloon, and DONALD W. MITCHELL, JR,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion for Default Judgment.  (Doc. No. 20).  As explained below, the motion is granted.

Plaintiffs filed suit against Defendants Cowboy's Steak House and Saloon, LLC and Donald W. Mitchell, Jr. for copyright infringement.  (Doc. No. 1).  Specifically, Plaintiffs allege that on June 29 and 30, 2011, Defendants publically performed and/or caused to be publically performed 18 copyrighted songs without a license or permission.  (Doc. No. 1).  As a result, Plaintiffs seek an injunction, statutory damages, attorneys' fees, and costs.

Pursuant to 17 U.S.C. § 502(a), this Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Plaintiffs have presented evidence of numerous attempts to contact Defendants about their infringement, and the infringement still occurred.  (Doc. No. 20).  Therefore, the Court concludes that a permanent injunction is warranted.  The Court orders that Defendants, their agents, servants, employees, and all persons acting under their permission and authority, are enjoined and restrained from infringing, in any manner, the copyrighted musical compositions

licensed by Broadcast Music, Inc.

Plaintiffs also seek statutory damages of $1,739 for each of the 18 acts of copyright infringement, for a total statutory damages award of $31,302.  Pursuant to 17 U.S.C. § 504(c)(1), this Court may award statutory damages for copyright infringement in an amount of not less than $750 or more than $30,000 per copyrighted work as the court considers just.  If the Court concludes that the infringement was willful (which has been alleged by Plaintiffs and deemed admitted by Defendants' default), the Court "may increase the award of statutory damages to a sum of not more than $150,000" pursuant to 17 U.S.C. § 504(c)(2).  Upon consideration, the Court concludes that Plaintiffs' request for statutory damages of $1,739 for each of the 18 acts of copyright infringement, for a total statutory damages award of $31,302, is reasonable.

Plaintiffs also seek $1,900 in attorneys' fees and $530 in costs.  Pursuant to 17 U.S.C. § 505, this Court may award costs, including a reasonable amount for attorneys' fees.  The Court has reviewed the billing records and concludes that the amounts being sought are reasonable. (Doc. No. 20-7).  Therefore, the Court awards Plaintiffs $1,900 in attorneys' fees and $530 in costs.

Based on the above, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Default Judgment (Doc. No. 20) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Plaintiffs as follows: Plaintiffs are awarded $31,302 in statutory damages, $1,900 in attorneys' fees, and $530 in costs (all of which shall accrue interest in accordance with 28 U.S.C. § 1961). Additionally, the Court orders that Defendants, their agents, servants, employees, and all persons acting under their permission and authority, are enjoined and

>   restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.
>
> (3) The Clerk is directed to **CLOSE** the case.
>
> **DONE AND ORDERED** at Tampa, Florida, this 30th day of January, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

3